## ALBERT FITZKE v. ANNA FITZKE.[1]

June 17, 1932.

No. 28,957.

*Alfred W. Mueller,* for appellant.
*Pfaender & Glotzbach,* for respondent.

HOLT, J.

Defendant appeals from the order denying her motion in the alternative for judgment notwithstanding the verdict or a new trial.

[1]Reported in 243 N. W. 139.

The action is upon a written contract to recover a certain sum of money. The answer alleged want of consideration; that there were ten persons to the agreement and it was executed by defendant upon the understanding that it should not take effect unless executed by all; that one refused to sign and that the contract was never delivered. The defense of want of consideration wholly failed. In fact, consideration appears as a matter of law.

Defendant is the mother of the other persons named in the contract. The husband and father had died in 1911 the owner of a farm in Nicollet county. His estate was probated about 13 years later. Parts of the farm had been taken for highway purposes. For some of the moneys received therefor defendant had bought a home in New Ulm, taking the title in her own name. The attorneys of plaintiff had $955.50 in their hands received in condemnation proceedings for one strip of the farm. Plaintiff had been the manager of the farm. Disagreements as to the disposition of the moneys received from the state highway department for the land taken for highways and as to plaintiff's wages had arisen; and plaintiff had brought three actions against his mother, brothers, and sisters, which were pending when all the parties except the daughter Bertha, who was ill, and the attorneys for plaintiff and defendant met in New Ulm to compose their disputes. After a lengthy conference they arrived at an agreement which was embodied in the contract sued on. Defendant and all her children except Bertha signed and acknowledged the contract. It recited the pendency of the three actions mentioned and that it was the desire of all the parties to adjust the disputes which had arisen concerning the farm and the home defendant had bought in New Ulm, and stated that it was agreed that plaintiff dismiss the three actions with prejudice; that the $955.50 in the hands of the attorneys as the proceeds from the land taken by the highway department be turned over to plaintiff; that defendant pay plaintiff $844.50 (the sum sought to be recovered in this action) said two amounts being the agreed settlement of the claim of plaintiff for wages as manager of the farm; that defendant deed the said home in New

Ulm to her children, reserving to herself the use and occupation thereof during her life; that defendant be released from all claims on account of the moneys received from the highway department by defendant; that all personal property on the farm be the property of defendant; that defendant have the rights to the use of the farm for life, she paying taxes, insurance, and repairs and $30 annually to each of her children; and that plaintiff deliver to defendant an automobile in his possession, also his registration card to the same and the registration card to a truck.

The trial court submitted to the jury whether plaintiff and defendant intended the contract they signed should not be a binding contract unless Bertha signed it, and secondly whether there was a delivery of the contract. Both questions were resolved in plaintiff's favor by the verdict. These questions were so clearly and properly submitted that no fault is found with the charge. On both propositions there was a sharp conflict in the evidence. The three actions were dismissed. Plaintiff delivered the automobile and registration cards, and he has evidently lived up to his part of the contract. Defendant could, as far as plaintiff's rights are concerned, waive a release from Bertha. Besides, there was evidence that Bertha had written her mother that she would agree to any settlement that was acceptable to the mother. We have examined the evidence attentively and are certain that it cannot be held that the verdict is not sustained. That conclusion disposes of the contentions that there should have been a directed verdict or judgment notwithstanding the verdict. Defendant cites Wilkes v. Holmes, 128 Minn. 349, 150 N. W. 1098, but we think the evidence herein clearly demonstrates that the trial court, under the principles discussed in that case, correctly submitted the issues to the jury.

Numerous errors are assigned upon the rulings admitting or excluding evidence. We find no prejudicial error here. Witnesses, as often happens, were inclined to state conclusions instead of facts called for, and understandings instead of what was said. When conclusions and understandings were stricken, as a rule, by a change of question or answer, the matter intended to be brought before the

jury came in proper manner. We have not discovered any material matter excluded or stricken, or any testimony prejudicial to defendant improperly allowed to remain in the record.

The order is affirmed.